951 F.2d 364
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Grady Durrell TRAVIS, Defendant-Appellant.
 No. 88-3283.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 11, 1991.*
Decided Dec. 18, 1991.
 
 Before WALLACE, Chief Judge, SCHROEDER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Grady Durrell Travis appeals his conviction, following a jury trial, for possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and knowingly using and carrying a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Travis contends that the district court erred by admitting at trial evidence of a previous arrest. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We review for abuse of discretion a trial court's decision on the admissibility of prior bad acts pursuant to Fed.R.Evid. 404(b). United States v. Rubio-Villareal, 927 F.2d 1495, 1502 (9th Cir.1991). We review de novo whether evidence comes within the scope of Rule 404(b). Id. at 1503.
 
 
 4
 "Whenever the government offers 'other act' evidence under 404(b) in an effort to prove knowledge or intent on the part of a defendant, it must establish: (1) that the evidence of the prior conduct tended to show an element of the charged offense that was a material element in the case; (2) in some cases, that the prior conduct was similar to the offense charged; (3) clear and convincing proof that the defendant committed the prior acts; (4) that the probative value must not be [sic] substantially outweighed by the danger of unfair prejudice; and (5) that the prior act is not too remote in time." Rubio-Villareal, 927 F.2d at 1503.[1]
 
 
 5
 Here, in February 1988, Travis sped out of a high school parking lot when a police squad car approached the area. After the officers activated their sirens, Travis pulled over and was arrested for reckless driving and failure to produce a valid driver's license. The officers searched Travis and found eight hundred and fifty-seven dollars in cash, two telephone pagers and a large amount of expensive jewelry. During an inventory search of the automobile, officers found two handguns and an oil can containing a distributable amount of cocaine. The automobile also was equipped with a cellular phone.
 
 
 6
 At trial, Travis attempted to show that he did not know that the cocaine was in the automobile. The government introduced evidence of Travis' previous arrest for drug possession under Fed.R.Evid. 404(b) to establish his knowledge in this offense. Seattle police officer Michael Washburn testified at trial that in 1987, approximately five months prior to the instant offense, he and another officer arrested Travis on an outstanding warrant. While searching Travis, the officers found a pager and five hundred and twenty-eight dollars, and located a gun near the scene of the arrest. During a strip search of Travis at the station officers found three baggies of cocaine and one baggie of marijuana inside Travis' pants.
 
 
 7
 Since the 1987 arrest showed that Travis had possession of a distributable amount of drugs, it was highly probative to prove that he knew the cocaine was in his automobile. See Rubio-Villareal, 927 F.2d at 1503. The previous recovery of a large sum of cash, pager and gun was similar to the recovery of items in this offense. See id. Officer Washburn's testimony provided clear and convincing proof that police arrested Travis for possession on a previous occasion. See id. During the final jury instructions, the district court explained to the jury that "[y]ou may consider such evidence, not to prove that the defendant did the acts charged here, but only to prove defendant's state of mind, that is, that the defendant acted with the necessary intent and not through accident or mistake ..." (ER at 6). See id. Since the need for the evidence was high and the district court gave a limiting instruction, the balancing requirements of Fed.R.Evid. 403 "weighed in favor of the admission of the evidence."[2] See Rubio-Villareal, 927 F.2d at 1503. Finally, because the 1987 arrest occurred approximately five months prior to this offense, it was not too remote in time. See id.
 
 
 8
 Thus, the district court's admission of evidence of the 1987 arrest was not an abuse of discretion. See id.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Fed.R.Evid. 404(b) states:
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
 
 
 [2]
 Fed.R.Evid. 403 states in pertinent part: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice...."